

**VIA ECF**
United States Magistrate Judge
United States Courthouse
Eastern District of NY


Your Honor,

This firm represents Plaintiff Juan Hernandez ("Plaintiff") in the above-referenced matter. Plaintiff's legal counsel writes jointly with Defendants' legal counsel to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

Consistent with the Court's Order, the purpose of this letter is two-fold. First, the letter will provide further support for the fair and reasonable settlement sum $30,000 Second, the letter will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested fee award of $10,000 is appropriate.

Accordingly, the parties respectfully request that the Court approve the proposed settlement. and Defendants have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.


/s/Lina Stillman Esq.

/s/Jose Cotto, Esq

## I. Statement of the Case

This is an action for money damages originally brought by Plaintiff Juan Hernandez. Plaintiff filed the original Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

Plaintiff alleges Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay him appropriate overtime and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195). In addition, Defendants were not able to provide proof that the notice or recordkeeping requirements of New York Labor Law were met.

In a good faith effort to resolve this case amicably, the parties then negotiated with the help of a Southern District mediator during a 6-hour mediation and came to an agreement with regards to an appropriate amount of compensation to settle the wage and hour claims, including back wages, civil monetary penalties, liquidated damages, and interest, which amounts are set forth in the Agreement.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay Plaintiff $30,000 to settle his claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Plaintiff's estimate of his damages if he was fully successful on all of his arguments at trial is $40,190. including liquidated damages and excluding attorney's fees and costs.

The proposed settlement represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' financial situation. The proposed settlement also represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' defenses.

Despite Plaintiff's belief that she may be able to obtain more money in this matter, Plaintiff himself ultimately chose the certainty of an agreed-upon settlement, which also allowed him to avoid the uncertainties of trial.

The total settlement amount of $30,000 will be distributed in accordance with the enclosed Settlement Agreement.

### III. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $10,000 from the settlement fund as attorneys' fees. This represents one-third (33.33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreement including costs.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, counsel was able to obtain a good result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina F. Stillman is the Managing Attorney of Stillman Legal, P.C, (a (2) three-member law firm) and has been practicing law since 2012. She has practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation. In 2015, she opened a law firm in response to the immigrant community need for Spanish Speaking attorneys to care for their interests exclusively. She is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. Miss Stillman Speaks Spanish, Italian and Portuguese fluently.

### **Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the express approval and desire of their client. Plaintiff's interests have thus been adequately safeguarded. Additionally, dismissal of this action will not prejudice anyone other than the named Plaintiff; no other employees of Defendants have come forward indicating that they have claims against Defendants, nor would they be prejudiced by dismissal of this lawsuit, in the event that other such employees exist.

      In full consideration of all the issues, we believe that the parties' Negotiated Settlement Agreement is fair and reasonable and that the settlement should be approved. A copy of the parties' Negotiated Settlement Agreement is submitted herewith.

                              Respectfully submitted,

                              <u>/s/Lina Stillman</u>
                              STILLMAN LEGAL, PC
                              Attorneys for the Plaintiff

Enclosures