Case 7-20-cv-04450-NSR Document 34 Filed 12/30/21 Page 1 of 10
Case 7:20-cv-04450-NSR Document 35 Filed 01/26/22 Page 1 of 10

Hernandez v. Amoudia Inc et al
7-20-cv-04450-NSR

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/2022

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this 1st of December 3, 2021, by and between Defendant GABRIEL HUERTA and DADDY'O INC. D/B/A CHILITOS MEXICAN RESTAURANT., jointly and severally ("RELEASEES" or "DEFENDANTS"), and Plaintiff, JUAN HERNANDEZ ("PLAINTIFF" or "RELEASOR") (hereinafter the "Parties").

## RECITALS

1. WHEREAS PLAINTIFF initiated legal action against the DEFENDANTS in the United States District Court, Southern District of New York, (the "Lawsuit")

2. WHEREAS, in this Lawsuit, PLAINTIFF alleged, among other things, that RELEASEES failed to pay him minimum wage and overtime pay due in connection with services that he performed on RELEASEES' behalf, failed to provide him with wage notices, and further failed to provide him with accurate statements of wages; and

3. WHEREAS, no Court has considered or determined the claims presented; and

4. WHEREAS, RELEASEES deny PLAINTIFF'S allegations in their entirety and admit no wrongdoing nor any liability with respect to PLAINTIFF'S allegations; and

5. WHEREAS, PLAINTIFF and the RELEASEES wish to compromise and settle all of their respective claims against the other relating to the Lawsuit.

NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, PLAINTIFF AND RELEASEES (collectively, "The Settling Parties") agree as follows:

## AGREEMENT

1. **Consideration.** The Settling Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. PLAINTIFF agrees that he will not seek any further consideration from RELEASEES, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement. In addition, PLAINTIFF agrees that the amount being paid to him represents all alleged unpaid overtime wages and other alleged damages from the commencement of his employment with the RELEASEES to the present, interest, civil monetary penalties, liquidated damages, and attorneys' fees.

2. **Settlement Compensation**. In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the RELEASEES agrees to issue the following payments, totaling THIRTY THOUSAND DOLLARS ($30,000), to the PLAINTIFF:

Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and

all claims against RELEASEES by PLAINTIFF, including, but not limited to, claims for attorneys' fees, disbursements and costs. PLAINTIFF expressly directs RELEASEES to make the Settlement Payments, as detailed above, to his legal counsel, acknowledges that receipt of the Settlement Payments by his legal counsel constitutes receipt thereof by PLAINTIFF, and agrees that the Settlement Payments constitute an accord and satisfaction.

PLAINTIFF further agrees that, with the payments stated above, PLAINTIFF will have been paid in full for all hours worked for RELEASEES for the period encompassing the entire period of his employment with the RELEASEES, including, but not limited to, any and all claims for wages, supplements, statutory penalties and overtime pay. PLAINTIFF will be materially breaching this Agreement if PLAINTIFF claims in the future that he has not been paid the minimum wage, spread of hours pay, and/or overtime pay or any other monies, including statutory penalties and interest, for any work for RELEASEES for the period encompassing his entire employment with the RELEASEES.

3. **Delivery**. All checks shall be sent to:

> STILLMAN LEGAL PC
> 42 Broadway, 12th Floor
> Suite 12-139
> New York, New York 10004

4. **Timing**. DEFENDANTS shall pay Plaintiff the total sum of THIRTY THOUSAND DOLLARS ($30,000), as follows:

Within thirty (30) days after receipt of Court Order approving this Agreement as fair and reasonable; DEFENDANTS shall make the following payments:

DEFENDANTS shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiff have asserted as follows:

  i. Installment One: A check in the amount of FIVE THOUSAND DOLLARS ($5,000) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit within (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff' counsel.

  ii. Installment Two: A check in the amount of FIVE THOUSAND DOLLARS ($5,000) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit on FEBRUARY 1st, 2022.

  iii. Installment Three: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit MARCH 1s, 2022 delivered to Plaintiff' counsel.

2

iv. Installment Four: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit APRIL 1st, 2022 delivered to Plaintiff' counsel.

v. Installment Five: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit MAY 1st, 2022 delivered to Plaintiff' counsel.

vi. Installment Six: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit JUNE 1st, 2022 delivered to Plaintiff' counsel.

vii. Installment Seven: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit JULY 1st, 2022 delivered to Plaintiff' counsel.

viii. Installment Eight: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit AUGUST 1st, 2022 delivered to Plaintiff' counsel.

ix. Installment Nine: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit SEPTEMBER 1st, 2022 delivered to Plaintiff ' counsel.

x. Installment Ten: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit OCTOBER 1st, 2022 delivered to Plaintiff' counsel.

xi. Installment Eleven: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit NOVEMBER 1st, 2022 delivered to Plaintiff ' counsel.

xii. Installment Twelve: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit DECEMBER 1st, 2022 delivered to Plaintiff ' counsel.

xiii. Installment Thirteen: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit JANUARY 1st, 2023 delivered to Plaintiff' counsel.

xiv. Installment Fourteen: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit FEBRUARY 1st, 2023 delivered to Plaintiff ' counsel.

xv. Installment Fifteen: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit MARCH 1st 2023 delivered to Plaintiff' counsel.

xvi. Installment Sixteen: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit APRIL 1st, 2023 delivered to Plaintiff' counsel.

xvii. Installment Seventeen: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit MAY 1st, 2023 delivered to Plaintiff' counsel.

xviii. Installment Eighteen: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit JUNE 1st, 2023 delivered to Plaintiff' counsel.

xix. Installment Nineteen: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.11) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit JULY 1st, 2023 delivered to Plaintiff' counsel.

xx. Installment Twenty: A check in the amount of ONE THOUSAND ONE HUNDRED, ELEVEN DOLLARS AND TWELVE CENTS ($1,111.13) made payable to "Stillman Legal, P.C., as Attorney for Plaintiff ", for immediate deposit AUGUST 1st, 2023 delivered to Plaintiff' counsel.

5. **Other Payments.** Except as provided in this Agreement, no other payments are owed to the PLAINTIFF.

6. **Release of All Fair Labor Standards Act And New York Labor Law Related Claims.** In consideration for the foregoing, the RELEASOR, on his behalf and on behalf of his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVE, RELEASE** and **FOREVER DISCHARGE** RELEASEES and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, for any and all FLSA and NYLL wage-and-hour claims arising out of RELEASOR'S employment with DEFENDANTS, up to and including the date RELEASOR signs this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the RELEASOR may assert anywhere in the world against the RELEASEES, or any of them including by not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, improper deductions, spread of hours, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, based upon any conduct occurring from the beginning of RELEASOR'S employment with RELEASEES to the date of the RELEASOR'S execution of this Agreement ("Wage Claims").

   Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all Wage Claims against Defendants by RELEASOR including, but not limited to claims for attorneys' fees, disbursements and costs.

7. **Dismissal.** PLAINTIFF agrees to the dismissal of the Lawsuit with prejudice. Upon full execution of this Agreement, or within five (5) business days thereof, the parties agree that the RELEASEES' legal counsel will cause to be filed with the Court a Stipulation of Discontinuance with Prejudice in the same form as amended hereto as Exhibit "A".

8. **Advice of counsel.** All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. PLAINTIFF hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

9. **Governing Law and Interpretation.** The Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

5

10. **Exclusive Jurisdiction.** Any claim, dispute or disagreement arising under or in any way relating to this Agreement shall be submitted to a New York State Court of competent jurisdiction located in Dutchess County, New York, or the Federal District Court for the Southern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the parties' consent to the personal jurisdiction of those courts.

11. **Non-Admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of any consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct.

12. **Absence of Reliance.** The parties acknowledge that in agreeing to this Agreement, they have not relied in any way upon representations or statement of the other party other than those representations or statements set forth in this Agreement.

13. **Entire Agreement.** This Agreement, including any and all Exhibits, set forth the entire agreement between the parties, and supersedes any prior contracts, agreements, or understandings between the parties.

14. **Amendment.** This Agreement may not be modified, altered, or changed except upon express, written consent of all parties, which includes specific reference to this Agreement.

15. **Severability.** In the event any provision contained in this Agreement shall be determined to be invalid, illegal or otherwise unenforceable, all remaining provisions in this Agreement shall remain in full force and effect. Should the release language be null and void, the parties will execute a new or supplemental agreement which will correct this failing, without receiving any additional consideration because this Agreement was provided with the expectation that it would be fully enforceable.

16. **Section Headings.** The sections headings are solely for convenience of reference and shall not in any way affect the interpretation of this Agreement.

17. **Counterparts/Electronic/Electronic Signature.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if PLAINTIFF and DEFENDANTS have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile.

18. **Notices.** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent via e-mail to the DEFENDANTS' legal counsel. Notice shall be deemed communicated from the date of actual receipt of the email.. The email for notice are as follows, unless otherwise specified:

6

| PARTY | | |
|---|---|---|
| Defendants | Jose William Cotto, Esq. | cottolaw@gmail.com |
| Plaintiff | Lina Stillman, Esq. | ls@stillmanlegalpc.com |

**THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.**

**THE PLAINTIFF ACKNOWLEDGES THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY PLAINTIFF, THAT HE HAS HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISION OF THIS AGREEMENT, AND THAT HE HAS CONSULTED WITH HIS LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

_____
Juan Hernandez

Gabruel Huerta Individually
and on behalf of DADDY'O Inc. DBA
Chiltos Mexican Restaurant

[Notary stamp: LINA M FRANCO, NOTARY PUBLIC STATE OF NEW YORK, KINGS COUNTY, LIC. # 02FR6276754, Dated 12/6/21]

[Notary stamp: JOSE WILLIAM COTTO, NOTARY PUBLIC, STATE OF NEW YORK, Registration No. 02CO6357170, Qualified in Westchester County, My Commission Expires: 4/10/2025]

The Clerk of Court is kindly directed to terminate the motion at ECF No. 34.

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

Dated: January 26, 2022
White Plains, NY

7

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
-----------------------------------------x

JUAN HERNANDEZ, *individually and on behalf of all otheremployees similarly situated,*

**PLAINTIFFS**

- AGAINST -

GABRIEL HUERTA, AMOUDIA INC DBA CHILITOS)

**DEFENDANTS,**

*Defendants.*

-----------------------------------------x

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

7:20-cv-04450-NSR

**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK         )
                          : ss.:
ROCKLAND COUNTY           )

    1.    I, GABRIEL HUERTA, reside in 1401 NY-300, Newburgh, NY 12550 Rockland County.

    2.    Pursuant to the terms of each Settlement Agreement and Release by and between JUAN HERNANDEZ, ("Plaintiffs") and GABRIEL HUERTA (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of ($30,0000) Thirty Thousand Dollars less any payments made under the Settlement Agreement.

    3. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants GABRIEL HUERTA shall cause Plaintiff to be paid a total sum of $30,000. The amount of this affidavit of confession of judgment represents double the settlement amount of $30,000.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants GABRIEL HUERTA shall cause Plaintiff to be paid a total sum of $30,000.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Signatory Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Signatory Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, GABRIEL HUERTA

X _____
GABRIEL HUERTA

Sworn to before me this
19th day of January 2022

_____
Notary Public

JOSE WILLIAM COTTO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO6357170
Qualified in Westchester County
My Commission Expires: 4/10/2025